Dear Sheriff Prator:
Please be advised that the office of the Attorney General is in receipt of your opinion request wherein you posed the question:
Whether the deputy sheriff can seize a firearm under 18 U.S.C.A 922
from an individual wherein a protective order has been issued against said individual absent a Louisiana statute violation?
The federal statute codified at 18 U.S.C.A 922 prohibits possession of a firearm if the person has a protective order against him. Two subsections of § 922 may apply.
18 U.S.C.A 922 (g)(8) states:
(g) It shall be unlawful for any person —
(8) who is subject to a court order that —
 (A) was issued after a hearing of which such person received actual notice and at which such person had an opportunity to participate;
 (D) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child ; and
 (E) (i) included a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
 (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;
18 U.S.C.A 922 (g)(9) states:
(g) It shall be unlawful for any person —
 who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
The deputy sheriff may seize the firearm as possession of it is in violation of the previously cited codes. The 9th Circuit in U.S. v.Kafka, 222 F.3d 1129 (9th Cir. 2000) upheld the conviction of man for possessing a firearm while under a domestic violence restraining order pursuant to 18 U.S.C.A 922(g)(8). Several circuits have followed the reasoning of the court. See, U.S. v. Reddick, 203 F.3d 767 (10th Cir. 2000), U.S. v. Baker, 197 F.3d 211 (6th Cir. 1999), U.S. v. Meade,175 F.3d 215 (1st Cir. 1999), U.S. v. Wilson, 159 F.3d 280 (7th Cir. 1998).
The deputy sheriff should take possession of the firearm and identify it as evidence. He should then inform the U.S. attorney of the federal violation.
Therefore, it is the opinion of this office that the deputy sheriff may retain custody of the firearm and designate it as evidence. Then, they must notify the U.S. Attorney's office of the alleged violation.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ INGRID JOHNSON Assistant Attorney General
IJ/jy
Date Released: September 27, 2002