[No. 23938-1-III.   Division Three.   March 30, 2006.]

THE STATE OF WASHINGTON, *Appellant*, v. RICHARD CHARLES ESQUIVEL, *Respondent*.

*Karl F. Sloan, Prosecuting Attorney*, and *Pamela B. Loginsky* (of *Washington Association of Prosecuting Attorneys*), for appellant.

*Dennis W. Morgan*, for respondent.

¶1 Thompson, J.[*] — Lisa Orr obtained a series of restraining orders against Richard Esquivel in the Tribal Court of the Confederated Tribes of the Colville Reservation (tribal court). None of these orders contained a warning that a violation of the order could be punishable as a crime. In August 2004, Mr. Esquivel was charged in superior court with six felony counts for violating the tribal order. Mr. Esquivel moved to dismiss the charges, arguing that the tribal restraining order did not contain the warning required under RCW 26.50.035(1)(c). The trial court agreed and dismissed the charges. The State appeals, contending the tribal order should have been afforded full faith and credit. We agree and reverse.

## FACTS

¶2 Richard Esquivel and Lisa Orr have two minor children. Mr. Esquivel was charged with assaulting Ms. Orr in July 2003. Later, Ms. Orr filed an action in tribal court to establish a parenting plan for the two children.

¶3 During the pendency of the action, several orders were entered placing restrictions on Mr. Esquivel's conduct. On November 26, 2003, the tribal court entered a perma-

---

[*] Judge Philip J. Thompson is serving as judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

nent parenting plan. The parenting plan contains a warning that a violation of the residential provisions of the parenting plan with actual knowledge of its terms is punishable by contempt of court and may be a criminal offense under tribal law.

¶4 That same day, the tribal court also entered its "Order Regarding Motions, Judgment, Restraining Order, [a]nd Parenting Plan." Clerk's Papers (CP) at 15. This order contains the following provisions:

> 2. Respondent, Richard Esquivel, shall not contact Petitioner, Lisa Orr, or Rheanna Marchand, at any time or location or by any method, including third-party contact. Respondent, Richard Esquivel, is further restrained from contacting the work place of Petitioner, Lisa Orr, or Ms. Orr's residence by any means, at any time, whether in person or through a third party. As specific and agreed-to exceptions to this Restraining Order, Respondent, Richard Esquivel, may contact Petitioner, Lisa Orr, in the event of an emergency involving the children during their visitations with Respondent or in the event of an emergency involving the transportation of the children for visitation;
>
> 3. The above and foregoing Restraining Order shall be in effect for a period of ten (10) years, expiring on November 19, 2013.

CP at 16.

¶5 The tribal order states that Mr. Esquivel appeared pro se and indicates that a copy of the order was served on him. The tribal order contains no warning that a violation of the restraining order may be punishable as a crime under tribal law, Washington law, or any other penal code.

¶6 The following December, an order was entered that modified the provisions of the November 26 restraining order. This order allows for telephonic contact between 4:30 PM and 8:00 PM each Wednesday and during the two hours prior to and during scheduled visits, provided this contact is limited to discussions about visitation. This order also does not include any warning that a violation of the order may be punishable as a crime.

¶7 One year later, the State filed charges alleging six violations of the tribal court's restraining order. The charges arose from conduct by Mr. Esquivel that took place on or about August 28, 2004 and August 29, 2004.

¶8 Mr. Esquivel moved to dismiss the charges. He maintained that the tribal court's failure to include the warning in its order violated due process notice requirements rendering the tribal restraining order invalid. The court granted the motion to dismiss. The State appeals.

## ANALYSIS

¶9 RCW 26.50.035(1)(c) provides that an order for protection must contain notice of the criminal penalties arising from a violation of the order and must include the following language: " 'You can be arrested even if the person or persons who obtained the order invite or allow you to violate the order's prohibitions. The respondent has the sole responsibility to avoid or refrain from violating the order's provisions. Only the court can change the order upon written application.' " RCW 26.50.035(1)(c).

¶10 Here the trial court dismissed the charges against Mr. Esquivel because the tribal restraining order did not contain the warning required under RCW 26.50.035(1)(c). Specifically, the court concluded that: "Defendant had inadequate notice of possible sanctions for violation of the foreign restraining order, as required by due process and the provisions of RCW 26.50.035(1)(c)." CP at 91. In contrast, the State contends that RCW 26.50.035(1)(c) does not apply to foreign orders and that Washington must enforce the tribal order under full faith and credit principles.

### Does RCW 26.50.035(1)(c) apply to foreign orders?

¶11 Several statutes address the problem of domestic violence in Washington by authorizing courts to issue orders that preclude the aggressor from contacting the victim. *See* RCW 10.99.040; RCW 26.50.020; RCW 26-.09.060, .300; RCW 26.26.130, .138. The contents of each

order are determined by the underlying statutory authority. Warnings required in orders issued under one chapter are not required in orders issued under a different statute. For example, the warnings required under RCW 26.50-.035(1)(c) are not required in orders issued under RCW 10.99.040 or RCW 26.09.060. *See State v. Turner*, 118 Wn. App. 135, 141, 74 P.3d 1215 (2003), *review denied*, 151 Wn.2d 1015 (2004).

¶12 The controversy centers on the applicability of the warnings required under RCW 26.50.035(1)(c). These warnings are not required in the tribal order because this order was not issued under chapter 26.50 RCW. Instead, the tribal order was issued under Colville Tribal Law and Order Code section 5-5-35.[1] There is no warning requirement for protection orders issued under this provision.

## Should the tribal order be given full faith and credit?

¶13 Under article IV, section 1 of the United States Constitution, full faith and credit must be given in each state to the public acts, records, and judgments of every other state. Article IV, section 1, the full faith and credit clause, has been applied to Indian tribes. *In re Adoption of Buehl*, 87 Wn.2d 649, 663, 555 P.2d 1334 (1976).

¶14 Full faith and credit is also extended specifically to tribal protection orders in 18 U.S.C. § 2265. This provision is part of the Violence Against Women Act of 1994, which provides for nationwide enforcement of protection orders in state and tribal courts. RCW 26.52.005. Accordingly, 18 U.S.C. § 2265 states that: "Any protection order *issued that is consistent with subsection (b) of this section* by the court of one State or Indian tribe (the issuing State or Indian tribe) shall be accorded full faith and credit by the court of another State or Indian tribe (the enforcing State or Indian tribe) and enforced as if it were the order of the enforcing State or Indian tribe." (Emphasis added.)

---

[1] Mr. Esquivel argues that a warning is mandated under Colville Tribal Law and Order Code section 5-5-50(d). But this provision applies only to written orders releasing a person arrested or charged with a crime involving domestic violence. Colville Tribal Law and Order Code section 5-5-50(d).

¶15 To be consistent with subsection (b), a protection order must be issued by a court that has jurisdiction over the parties and the matter under the law of the State or Indian tribe. 18 U.S.C. § 2265(b)(1). Also, the person against whom the order is sought must have been given reasonable notice and opportunity to be heard sufficient to protect due process rights. 18 U.S.C. § 2265(b)(2).

¶16 The restraining order issued by the tribal court is consistent with 18 U.S.C. § 2265(b). Mr. Esquivel does not challenge the jurisdiction of the tribal court. And the face of the order indicates that he appeared pro se when the order was issued and that he was served a copy of the order. Consequently, the tribal order restraining order must be accorded full faith and credit pursuant to 18 U.S.C. § 2265.

¶17 In *People v. Hadley*, 172 Misc. 2d 697, 699, 658 N.Y.S. 2d 814 (Crim. Ct. 1997), the foreign order and the criminal complaint did not indicate that Mr. Hadley was afforded due process before the decree was issued. *Hadley* concluded that for full faith and credit to apply, the party seeking enforcement of the foreign order must show that the party against whom the order was issued was given a reasonable opportunity to be heard in conformity with the law of the issuing state and consistent with due process. *Id.* at 702. In *Hadley*, this meant that the prosecution had to demonstrate that the defendant had been informed orally or in writing of the contents of the order and its prohibitions. *Id.* The defendant's motion to dismiss was granted, but the prosecution was granted leave to submit the required information. *Id.* at 706.[2]

¶18 Here, the tribal order states that Mr. Esquivel appeared pro se and indicates that the order was served on him. Under the full faith and credit clause and 18 U.S.C. § 2265, the restraining order against Mr. Esquivel should be accorded full faith and credit by the Washington courts.

---

[2] *Hadley* involved an attempt to enforce a New Jersey order in New York. The order in question did contain a warning that any violation could result in criminal contempt or a criminal violation and possible jail time. 172 Misc. 2d at 699.

¶19 Washington State adopted the Foreign Protection Order Full Faith and Credit Act, chapter 26.52 RCW, to assist the federal Violence Against Women Act of 1994 in the enforcement of civil and criminal protection orders in state and tribal courts. RCW 26.52.005. The intent of the legislation is to remove barriers faced by persons entitled to protection under a foreign protection order and to ensure that violations of those orders will be criminally prosecuted in Washington. *Id.*

¶20 The Washington Foreign Protection Order Full Faith and Credit Act defines the term "foreign protection order" to include orders from tribal courts. RCW 26-.52.010(3). Under the Washington act and the federal Violence Against Women Act of 1994, a foreign protection order is valid if it is issued by a court with personal and subject matter jurisdiction that provided the person under restraint with reasonable notice and opportunity to be heard. RCW 26.52.020; 18 U.S.C. § 2265. Also, Washington grants a presumption of validity when the order appears authentic on its face. RCW 26.52.020. Significantly, Mr. Esquivel does not challenge the jurisdiction of the tribal court, nor does he assert he was denied notice and the opportunity to be heard.

¶21 Mr. Esquivel contends that the absence of a warning in the tribal order provides the basis for the dismissal of his criminal charges, but he cannot point to any provisions requiring the inclusion of the warnings in a tribal court order. In effect, Mr. Esquivel maintains that the tribal order is invalid because it lacks a warning required by the enforcing court, not the issuing court. Where the issuing court is required to place specific notice on court orders, a due process violation may occur when the notice is not given. *State v. Wilson*, 117 Wn. App. 1, 11-12, 75 P.3d 573 (2003). However, there is no requirement in the federal or state full faith and credit legislation that foreign protection orders must contain certain warnings. And any attempt by the states to impose their requirements would violate the principles of full faith and credit.

Does the prosecution based on RCW 26.50.110(1) require notice under RCW 26.50.035(1)(c)?

¶22 Mr. Esquivel contends that when the prosecution of a foreign order occurs, the Washington Foreign Protection Order Full Faith and Credit Act requires compliance with chapter 26.50 RCW. Mr. Esquivel maintains that RCW 26-.50.110 requires the foreign order to specify that a particular violation is a crime before the violation can be prosecuted. In contrast, the State argues that the plain language of RCW 26.50.100(2)(b) requires notice only for certain conduct.

¶23 Statutory interpretation is a question of law reviewed de novo. The meaning of a statute is inherently a question of law and our review is de novo. *King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 142 Wn.2d 543, 555, 14 P.3d 133 (2000). The goal of statutory interpretation is to ascertain and give effect to the legislature's intent and purpose. *Am. Cont'l Ins. Co. v. Steen*, 151 Wn.2d 512, 518, 91 P.3d 864 (2004). This is done by considering the statute as a whole, giving effect to all that the legislature has said, and by using related statutes to help identify the legislative intent embodied in the provision in question. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002). Under the rule of lenity, we construe a statute strictly against the State and in favor of the accused when two constructions are permissible. *State v. Gore*, 101 Wn.2d 481, 485-86, 681 P.2d 227 (1984).

¶24 The Washington Foreign Protection Order Full Faith and Credit Act requires that:

*Whenever a foreign protection order is granted* to a person entitled to protection *and the person under restraint knows of the foreign protection order, a violation of a provision prohibiting* the person under restraint from contacting or communicating with another person, *or of a provision* excluding the person under restraint from a residence, workplace, school, or day care, *or of a provision prohibiting* a person from knowingly coming within, or knowingly remaining within, a specified distance of a location, *or a violation of any provision for which*

*the foreign protection order specifically indicates that a violation will be a crime,* is punishable under RCW 26.50.110.

RCW 26.52.070(1) (emphasis added).

¶25 The language in this statute is not ambiguous. The person under restraint pursuant to a foreign protection order and who knows of the order is subject to punishment under RCW 26.50.110 for the violation of any of the listed acts or the violation of any provision designated as a crime in the foreign order.

¶26 RCW 26.50.110(1) contains similar language:

Whenever an order is granted under this chapter, . . . or *there is a valid foreign protection order* as defined in RCW 26.52.020, *and the respondent or person to be restrained knows of the order, a violation of the restraint provisions, or of a provision* excluding the person from a residence, workplace, school, or day care, *or of a provision* prohibiting a person from knowingly coming within, or knowingly remaining within, a specified distance of a location, *or of a provision of a foreign protection order specifically indicating that a violation will be a crime*, for which an arrest is required under *RCW 10.31.100(2)(a) or (b)*, is a gross misdemeanor.

(Emphasis added.)

¶27 This provision is more complicated because of the inclusion of orders issued under other chapters. Examining the plain terms of the statute, this provision, like RCW 26-.52.070, provides that the person under restraint pursuant to a foreign order and who knows of the order is subject to punishment for a violation of any acts listed in RCW 26.50.110(1) or the violation of any provision designated as a crime in the foreign order.

¶28 Mr. Esquivel argues that this statute should be read to limit the person's liability to the violation of those provisions of the foreign order specifically indicating that the violation of the provision is a crime. But this reading is contrary to the terms of the statute.

¶29 RCW 26.50.110(1) refers to RCW 10.31.100(2)(b). This provision states, in part:

A police officer shall arrest and take into custody, pending release on bail, personal recognizance, or court order, a person without a warrant when the officer has probable cause to believe that:

. . . .

(b) A *foreign protection order*, as defined in RCW 26.52.010, has been issued *of which the person under restraint has knowledge* and the person under restraint *has violated a provision of the foreign protection order* prohibiting the person under restraint from contacting or communicating with another person, or excluding the person under restraint from a residence, workplace, school, or day care, or prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location, *or a violation of any provision for which the foreign protection order specifically indicates that a violation will be a crime.*

(Emphasis added.) This provision is not ambiguous and is similar to RCW 26.52.070 because only foreign protection orders are discussed.

¶30 Mr. Esquivel contends that RCW 26.50.110(1) states that a foreign protection order must indicate that a violation of the order will be a crime. Given the clarity of the related statutes, RCW 26.50.110(1) is capable of only one reading. Specifically, RCW 26.50.110(1) requires notice in the foreign order only when the proscribed conduct is something other than contacting the victim, going to a specific location, or going within a specified distance of a location.

¶31 Mr. Esquivel was charged with phoning Lisa Orr and leaving messages at a prohibited place, her home. Consequently, no notice was required under RCW 26.50-.100(2)(b).

Due process/equal protection requirements

¶32 Mr. Esquivel contends that the question here cannot be resolved under full faith and credit principles. Instead,

he argues that he is being denied his due process rights and his right to receive the same notice as other Washington residents charged with the violation of a protection order. Also, Mr. Esquivel asserts that the criminal proceeding is a separate proceeding where the full faith and credit principles do not apply and the State must proceed under chapter 26.50 RCW.

¶33 Essentially, Mr. Esquivel argues that the only notice that complies with due process is the notice described in RCW 26.50.035(1)(c). But the application of full faith and credit principles requires a different inquiry with regard to due process. A foreign protection order is valid only if it is issued by a court with personal and subject matter jurisdiction that provided the person under restraint with reasonable notice and opportunity to be heard. RCW 26-.52.020; 18 U.S.C. § 2265. Mr. Esquivel contends the absence of warnings violates due process. Undoubtedly, the absence of required statutory warnings by the issuing state may violate due process. *Wilson*, 117 Wn. App. at 12. But a different due process inquiry takes place when the enforcing state's statutory warnings are not required by the issuing state.

¶34 Due process requires that criminal statutes be worded to give fair warning of the type of conduct they purport to criminalize. *State v. Baldwin*, 150 Wn.2d 448, 458, 78 P.3d 1005 (2003). People are presumed to know the law and are responsible for their voluntary acts and deeds. *State v. Sweeney*, 125 Wn. App. 77, 83-84, 104 P.3d 46 (2005). While ignorance of the law is no defense, an exception is made in circumstances where the court fails to give the statutory notice and actively misleads a defendant as to the law. *State v. Leavitt*, 107 Wn. App. 361, 371-72, 27 P.3d 622 (2001). Due process requirements generally apply to the proper wording of statutes, not court orders. *Wilson*, 117 Wn. App. at 11-12. Applicable regulations or statutes may require specific notice on court orders. *Id.*

¶35 Relying on *Leavitt*, 107 Wn. App. at 366-68, Mr. Esquivel contends the failure to provide statutory notice

has due process implications. But *Leavitt* concluded that it would be a denial of due process to require Mr. Leavitt to wonder about additional restrictions to his right to possess firearms beyond his one-year probation where the sentencing court had failed to inform him that he had lost his right to possess firearms for an indefinite period. *Id.* at 372.

¶36 Here, the Washington statutory notice requirements did not apply to the tribal order. Moreover, applying federal and state full faith and credit statutes, Washington is required to give full faith and credit to this tribal order. There is no indication that the enforcement of this order violated Mr. Esquivel's due process rights. Unlike the defendant in *Leavitt*, Mr. Esquivel was aware of the tribal restraining order.

¶37 Several jurisdictions have considered whether lack of notice regarding the firearm prohibition on qualifying domestic violence orders violates due process. In *United States v. Kafka*, 222 F.3d 1129, 1130 (9th Cir. 2000), Mr. Kafka argued that 18 U.S.C. § 922(g)(8) violated due process by failing to require that persons restrained by state domestic violence orders receive notice and warning of the federal prohibition on possessing firearms. *Kafka* concluded that the issuance of the order should have alerted Mr. Kafka to the possibility of other limitations on his conduct and that Mr. Kafka's act of carrying a loaded pistol in his waistband was not wholly passive conduct. *Id.* at 1132-33. Other courts have also found no due process violations. *See also United States v. Napier*, 233 F.3d 394, 399 (6th Cir. 2000); *United States v. Reddick*, 203 F.3d 767, 769-71 (10th Cir. 2000); *United States v. Meade*, 175 F.3d 215, 225-26 (1st Cir. 1999); *United States v. Wilson*, 159 F.3d 280, 288-89 (7th Cir. 1998).

¶38 Here, due process does not require that foreign orders contain the warnings set forth in RCW 26.50-.035(1)(c). Due process under full faith and credit principles requires an inquiry to determine whether the issuing court had jurisdiction and provided the person under restraint with reasonable notice and opportunity to be heard.

RCW 26.52.020; 18 U.S.C. § 2265. Several of the Washington enforcement statutes require that the person under restraint have knowledge of the order. *See* RCW 26.50-.110(1); RCW 10.31.100(2)(b); RCW 26.52.070(1). Mr. Esquivel knew of the tribal order. Knowledge of the tribal order should have put Mr. Esquivel on notice that violation of the order might subject him to criminal liability. Mr. Esquivel fails to show a violation of his due process rights under the circumstances of this case.

¶39 Reversed.

KATO, C.J., and SCHULTHEIS, J., concur.